**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY : <br>    a/s/o <br> SOUTHLAND CONDOMINIUM <br> ASSOCIATION, <br>        Plaintiff, <br> <br>        v. <br> <br> HEIDI SALIM, <br>        Defendant/Third-Party Plaintiff, <br> <br>        v. <br> <br> DAVID LEWIS and PATICIA LEWIS, <br>        Third-Party Defendants. | Civil No. 5:20-cv-06409-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                   February 6, 2023

**I.    OVERVIEW**

    This action arises from a fire originating in a condominium unit. Plaintiff, Country Mutual Insurance Company, alleges the fire was negligently caused by Defendant Salim, the condo unit's tenant. Defendant Salim, in turn, filed an Amended Third-Party Complaint against the Lewises, her landlords and the condo unit's owners. The Amended-Third Party Complaint asserts that the Lewises are liable, in whole or in part, for any damages Plaintiff obtains against Defendant Salim under both contribution theory, based on the Lewis' alleged negligence, and an indemnification theory, based on the contents of the Lease Agreement between Defendant Salim and the Lewises.

1

The Third-Party Defendant Lewises seek summary judgment on Salim's Amended Third-Party Complaint. They argue that the Amended Third-Party Complaint is barred by Pennsylvania law, and that the Lease Agreement does not support a basis for liability against them.

The Court denies the Lewis' Motion in part and grants it in part. A determination that Pennsylvania law bars Salim's Amended Third-Party Complaint cannot be reached without knowing the contents of the Plaintiff's insurance policy. Because neither the insurance policy nor its contents are contained in the factual record, summary judgment on this basis is denied. Because Defendant Salim fails to address the Lewis' motion for summary judgment with respect to Salim's indemnification theory of liability pursuant to the Lease Agreement, the Court finds Defendant Salim has abandoned her indemnification theory of liability and grants summary judgment to the Lewises with respect to that claim. Defendant Salim's contribution theory of liability, based on the Lewis' alleged negligence, remains.

## II.   PROCEDURAL BACKGROUND

Defendant and Third-Party Plaintiff Heidi Salim ("Salim") was a tenant residing at 4636 Cheryl Drive in Bethlehem, Pennsylvania ("Subject Property"), a condominium unit owned by Third-Party Defendants David Lewis and Patricia Lewis ("the Lewises"), when a fire erupted at the Subject Property on May 21, 2019 ("the Fire"). *See* Third-Party Defendants' Statement of Facts [hereinafter "TPDSOF"] at ¶ 1-2 (ECF No. 28-2); Third-Party Defendant's Brief at pg. 4 (ECF No. 28-1); David Lewis Dep. at 10:11-13, Joint App. at JA 069 (ECF No. 28-3); Third-Party Plaintiff's Statement of Facts [hereinafter "TPPSOF] ¶ 2 (ECF No. 30-1); Third-Party Plaintiff's Brief at pg. 1 (ECF No. 30-2).

Plaintiff, Country Mutual Insurance Company, as subrogee of Southland Condominium Association ("SCA"), initiated this action by filing a complaint against Salim on December 22,

2020 ("Complaint"). *See* Compl. at ECF No. 1. Plaintiff's Complaint alleges Salim's "negligent use and handling of an extension cord and/or other electrical cords" were the direct and proximate cause of the Fire, which caused damage to SCA's property "as well as the imposition of other expenses." *Id.* at ¶ 14-16. Plaintiff's Complaint does not identify the damaged property or character of the "other expenses." *Id.* at 16. Plaintiff asserts that it provided property insurance to SCA in connection with SCA's "business operations" at the Subject Property. *Id.* at ¶ 3.

On August 16, 2021, Salim filed an Amended Third-Party Complaint against the Lewises, asserting both contribution and indemnification theories of liability. *See generally* Amended Third-Party Compl. (ECF No. 11). The Amended Third-Party Complaint claims that Salim's use of the extension cord on the night of the Fire was proper, and that the Fire was in fact caused by the Lewis' negligent failure "to properly maintain a functioning circuit breaker and fully operational smoke detectors" at the Subject Property. *Id.* at ¶¶ 15, 26. Salim also avers that the Lewises are liable for the costs of the Fire's damages to the extent the damages were not caused by Salim's negligence or neglect pursuant to two provisions in the Lease Agreement executed between Salim and Lewises for Salim's rental of the Subject Property ("Lease Agreement"). *Id*. at ¶¶ 27, 28.

Thus, Salim avers, to the extent Plaintiff is entitled to any relief against Salim, the Lewises are liable to Salim "for all or part of the same" under both the terms of the lease agreement between Salim and the Lewises, and "as a result of Third-Party Defendants' failure to safely maintain the electrical system and smoke detectors" at the Subject Property. *Id.* at ¶ 29.

The Lewises filed an Answer With Cross-Claim and Affirmative Defenses to Salim's Amended Third-Party Complaint on September 1, 2022. *See* ECF No. 13. Salim filed a Response to the Lewis' Cross-Claim on September 17, 2022. *See* ECF No. 14.

The Lewises then filed the instant Third-Party Motion for Summary Judgment ("Motion") on September 6, 2022. *See* ECF No. 28. Salim filed a Response in Opposition ("Response") on September 20, 2022. *See* ECF No. 30. The Lewises move for summary judgment, contending: (1) Pennsylvania law barring an insurer from seeking subrogation against a condominium unit owner applies to bar Salim's third-party action as a matter of law; and (2) If Salim is found liable in negligence to Plaintiff, the Lease Agreement does not entitle Salim to recovery against the Lewises. *See generally* Brief (ECF No. 28-1).

**III.    RELEVANT FACTS**

Plaintiff, subrogee, brings a negligence claim against Salim to recover insurance proceeds it allegedly paid to SCA for property damage SCA allegedly sustained due to the Fire. TPPSOF ¶ 1 (ECF No. 30-1); TPDSOF at ¶ 1 (ECF No. 28-2); Compl. at ¶¶ 4, 6, 10 (ECF No. 1). Plaintiff alleges that SCA's property was damaged as a direct and proximate result of Salim's negligence. Compl. at ¶ 15 (ECF No. 1).  In turn, Salim's Third-Party Complaint alleges the Lewis' are liable to Salim for all or part of any relief Plaintiff obtains against Salim, based on the Lewis' alleged negligence and on the terms of the Lease Agreement. Amended Third-Party Compl. at ¶¶ 15, 26, 29 (ECF No. 11). The parties do not dispute that the Fire occurred at the Subject Property, a condominium unit, while Salim was the tenant pursuant to the Lease Agreement. TPDSOF ¶ 1-2 (ECF No. 28-2); TPPSOF at ¶ 1-2 (ECF No. 30-1); Third-Party Defendant's Brief at pg. 1 (ECF No. 28-1).

Although both the Lewises and Salim face negligence allegations, whether the parties acted negligently is not the basis of the Lewis' Motion, as the Lewises concede "they represent genuine questions of material fact." Motion at pg. 2 (ECF No. 28-1). Rather, facts relevant to the instant Motion concern the alleged Insurance Policy between Plaintiff and SCA ("Plaintiff Policy") and the Lease Agreement.

The relevant factual record is sparse. The Lewis' Motion is supported by a Joint Appendix ("JA") that is just 84 pages in length. Plaintiff's Complaint does not aver, and the factual record does not demonstrate with any specificity, what property of SCA's was damaged in the Fire. The factual record does not include the Plaintiff Policy, nor does the record contain any evidence of the Plaintiff Policy's material contents – namely, whether the policy contains a waiver of subrogation provision, whether Lewises are insureds under the Plaintiff Policy, or what property the Plaintiff Policy covered.  Indeed, these critical facts are disputed.

The Lewis' aver the Plaintiff Policy provided insurance coverage to SCA for the Subject Property, 4636 Cheryl Drive, yet there is no copy of the Plaintiff Policy in the record, or other evidence to support this claim. In fact, Salim contends the record contradicts this assertion, because it is the Lewises, not SCA, who own the Subject Property at 4636 Cheryl Drive, for which the Lewis' procured their own insurance policy through State Auto, not Plaintiff. TPPSOF ¶ 7 (ECF No. 30-1); D. Lewis Dep. 10:11-11:14, 23:20-24:22; Joint App. at JA 071, 074 (ECF No. 28-3).

The record does, however, include a copy of the Lease Agreement. TPDSOF ¶ 11 (ECF No. 28-2); TPPSOF at ¶ 11 (ECF No. 30-1). The Lease Agreement defines the "Property" as "the condo, municipally known described as 3646 Cheryl Drive, Bethlehem, Northumberland, Pennsylvania 18017." Joint App. at JA 017 (ECF No. 28-3). The Lease Agreement identifies the

"Landlord" as "David Lewis and Patricia Lewis" and the "Tenant" as "Heidi Salim (Zimmerman) and Emily Salim." *Id.* The Lease Agreement contains a Pennsylvania choice of law clause. *Id.* at JA 022. The Lease Agreement also contains the following provisions:

### Damage to Property

31. If the Property, or any part of the Property, will be partially damaged by fire or other casualty not due to the Tenant's negligence or willful act or that of the Tenant's employee, family, agent, or visitor, the Property will be promptly repaired by the Landlord and there will be an abatement of Rent corresponding with the time during which, and the extent to which, the Property may have been untenantable.

…

### Maintenance

…

33. Major maintenance and repair of the Property involving anticipated or actual costs in excess of $100.00 per incident not due to the Tenant's misuse, waste, or neglect or that of the Tenant's employee, family, agent, or visitor, will be the responsibility of the Landlord or the Landlord's assigns.

*Id.* at JA 023.

## IV. LEGAL STANDARD

In considering a motion for summary judgment, a court must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d. Cir. 2001). Summary Judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, if any facts in the record, or inferences that may be drawn from them, reveal the existence of an issue of material fact, then summary judgment is improper. *Wetzel v. McDonnell Douglas Corp.*, 491 F. Supp. 1288, 1293 (E.D. Pa. 1980).

Summary judgment is also improper where the factual record is insufficient, such that the court is unable apply the law to a complete factual record. *Lane v. Tavares*, No. 3:14-cv-00991, 2019

6

U.S. Dist. LEXIS 28511 at *29 (M.D. Pa. Feb. 21, 2019); *Keystone Chem. Co. v. Mayer Pollock Steel Corp.*, No. 92-6000, 1997 U.S. Dist. LEXIS 10069 at *21-22 (E.D. Pa. July 1, 1997) (denying summary judgment to either party where "there are simply insufficient facts of record from which the Court can conclusively determine" either party entitled to judgment as matter of law).

## V. ANALYSIS

### a. The Record Lacks Sufficient Facts to Determine Whether the Relevant Policy Bars Plaintiff from Pursuing a Subrogation Claim Against the Lewises

The Lewis' first contend summary judgment is appropriate because "Pennsylvania law prevents the plaintiff from obtaining any recovery directly from the third-party defendants as owners of the fire-damaged condominium unit", pursuant to 68 Pa.C.S. § 3312. *See* Third-Party Defendant's Brief at pg. 5 (ECF No. 28-1). Under 68 Pa.C.S. § 3312, condominium associations are required, "to the extent reasonably available" to maintain property insurance on both the common elements and the individual common units, the policy must provide that each unit owner is an insured, and the policy must waive the insurer's right to subrogation against any condominium unit owner. 68 Pa.C.S. § 3312(a)-(c). If a condominium association does not maintain this insurance, the association must provide notice of the fact to all unit owners, and the association "may carry any other insurance in such reasonable amounts and with such reasonable deductibles as the executive board may deem appropriate to protect the association or the unit owners." 68 Pa.C.S. § 3312(b).

The Lewis' claim that, because 68 Pa.C.S. § 3312(c) bars a condominium association's insurer from asserting a subrogation claim against a condominium unit owner, the Lewis' cannot be liable as third-party defendants in this action brought by Plaintiff, their condominium association's insurer. *See* Third-Party Defendant's Brief at pg. 4 (ECF No. 28-1).

However, there are no facts in the record to establish that the Plaintiff Policy issued to SCA actually contains a provision barring Plaintiff from asserting a subrogation claim against condominium unit owners such as the Lewises. While sections 3312(a) and (c) of the statute provide a condominium association "shall maintain" property insurance providing, among other things, that "[t]he insurer waives its right to subrogation under the policy against any unit owner of the condominium or members of his household," this requirement is applicable only "to the extent reasonably available." Indeed, section 3312(b) of the statute expressly contemplates that a condominium unit owner may not have the property insurance described by sections 3312(a) and (c), as section 3312(b) provides that a condominium association "may carry [] other insurance."

That some policies issued in compliance with 68 Pa. C.S. § 3312 may contain a waiver of subrogation provision as to condominium unit owners does not demonstrate that the Plaintiff Policy does in fact contain this same provision. The provisions of 68 Pa. C.S. § 3312 do not prove the contents of the Plaintiff Policy. Plaintiff's right to subrogation depends on the terms of the Plaintiff Policy, a document which is absent from the factual record. *See Zurich-American Ins. Co. v. Eckert*, 770 F. Supp. 269, 272 (E.D. Pa. 1991) (where lease between defendant tenant and non-party landlord required the parties' insurance policies to contain waivers of the right of subrogation against both tenant and landlord, but landlord's policy did not include this waiver, the court denied defendant's motion for summary judgment against plaintiff insurer, holding, absent any applicable equitable considerations, "[w]here the right of an insurer to subrogation is expressly provided for in the insurance policy, the insurer's right to subrogation is measured by, and depends solely upon, the terms of such provision."); *Cmty. Ass'n Underwriters of Am. v. McGillick*, No. 09-4891, 2010 U.S. Dist. LEXIS 138198 at *7-11 (D. N.J. Dec. 13, 2010) (court could not grant summary judgment to third-party defendant condominium unit owners on grounds that plaintiff,

condominium association's insurer, waived right of subrogation because insurance policy issued by plaintiff to condominium association did not contain any such waiver of subrogation).

The Lewises do not aver, and the factual record does not evidence whether the Lewises are insureds under the Plaintiff Policy, or whether the Plaintiff Policy contains an applicable waiver of subrogation provision. Without knowing the contents of the Plaintiff Policy, this Court can not find as a matter of law that Plaintiff or Salim are precluded from pursuing a subrogation claim against the Lewises.[1]

### b. The Court Grants Summary Judgment for the Lewises as to Salim's Indemnification Theory of Liability; However Salim's Contribution Theory of Liability Remains

The Lewises also contend Salim's Amended Third-Party Complaint "should essentially be deemed moot" because it seeks relief based on the Lease Agreement, which does not serve as a basis for liability against the Lewises. *See* Third-Party Defendant's Brief at pg. 5-6 (ECF No. 28-1). Salim's Response fails to oppose or address this argument for summary judgment. *See generally* Third-Party Plaintiff's Response (ECF No. 30-2). Accordingly, the Court interprets Salim's failure to respond to this portion of the Lewis' Motion for Summary Judgment as an "abandonment" of her theory of liability based on the Lease Agreement. *Seals v. City of Lancaster*, 553 F. Supp. 2d 427, 432 (E.D. Pa. 2008); *Morgen & Oswood Constr. Co. v. Nationwide Life Ins. Co.*, No. 13-666, 2022 U.S. Dist. LEXIS 136620 at *28 (E.D. Pa. Aug. 1, 2022). Accordingly, the Court need not address the merits of the Lewis' arguments and the Motion for Summary Judgment

---

[1] Because the undisputed facts of record do not demonstrate whether Plaintiff is barred from asserting a direct cause of action against the Lewises, the Court does not reach the Lewis' argument that Salim is precluded from asserting a third-party claim against the Lewises, as it is predicated upon a determination that Plaintiff is barred from asserting a direct cause of action against the Lewises.

9

is granted with respect to Salim's claim of third-party liability pursuant to the Lease Agreement.[2] *Seals*, 533 F. Supp. at 433; *Spokane v. National Life Ins. Co.*, 2022 U.S. Dist. LEXIS 133170 at \*35 (E.D. Pa. July 27, 2022) (granting in part defendant's motion for summary judgment after determining plaintiff's failure to respond to defense "'constitutes abandonment' of the opportunity to contest summary judgment on this ground.") (*quoting Seals*, 553 F.Supp.2d at 432); *Am. Patent Dev. Corp., LLC v. Movielink, LLC*, 637 F. Supp.224, 237 (D. Del. 2009) (granting defendant's motion for summary judgment as to claim where plaintiff failed to mention claim in summary judgment briefing, interpreting plaintiff's conduct as "having dropped its assertion" of the claim).

The Lewis' claim that, because Salim can not prevail under her theory of liability pursuant to the Lease Agreement, the entire Amended-Third Party Complaint must fail. *See* Third-Party Defendant's Brief at pg. 6 (ECF No. 28-1). Not so. Although admittedly a bit unclear from the face of the Amended-Third Party Complaint, Salim does sufficiently plead both an indemnification (Lease Agreement) and contribution (negligence) theory of liability against the Lewises. Salim's Third-Party Complaint alleges that, to the extent Plaintiff is entitled to any relief against Salim, the Lewises are liable to Salim for all or part of the same based on the Lewises "negligent[] fail[ure] to properly maintain a functioning circuit breaker and fully operational smoke detectors in the apartment, which caused or contributed to the fire." *See* Amended Third-Party Complaint at ¶ 26 (ECF No. 11). The Lewis' Motion for Summary Judgment shall therefore be granted with respect

---

[2] In any event, the Court is persuaded by the logic of the Lewis' argument that the provisions of the Lease Agreement upon which Salim relies would not apply in the event Plaintiff prevails on its negligence claim against Salim, because the relevant provisions apply only in the absence of Salim's "negligence" or "neglect." Joint App. at JA 022-023 (ECF No. 28-3).

10

to Salim's indemnification theory of liability under the Lease Agreement, and denied with respect to Salim's contribution theory of liability under a negligence theory.[3]

## VI. CONCLUSION

Based on the foregoing, Third-Party Defendants the Lewis' Motion is denied with respect to Third-Party Plaintiff Salim's negligence theory of liability, but granted with respect to Salim's Lease Agreement theory of liability. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] The Court does not interpret the Lewis' Motion for Summary Judgment as raising an argument that, in addition to not providing a basis for liability against the Lewises, the Lease Agreement bars the entirety of the Third Amended Complaint, including Salim's negligence theory of liability. Even if such argument were raised in the instant Motion, a genuine issue of material facts exists as to whether the Lease Agreement even applies, as the relevant Lease Agreement provisions only apply to the "Property" or "any part of the Property" defined as "3646 Cheryl Drive, Bethlehem, Northumberland, Pennsylvania 18017." Joint App. at JA 017 (ECF No. 28-3). There are no facts in the record to establish whether SCA's allegedly damaged property at issue consists in whole or in part of the property defined as "3646 Cheryl Drive, Bethlehem, Northumberland, Pennsylvania 18017."